## CRAVEN v. LARSON.

Third Division. Anchorage. February 21, 1924.

No. A–390.

**Sales ⬅130(2)—Fraud—Fraudulent Misrepresentations.**

The plaintiff purchased defendant's business, and defendant assured plaintiff that she had arranged with the owner of the building occupied by the business that plaintiff might continue the business in the same place. On the following day, after the payment of the agreed price to the defendant, the owner of the building notified the plaintiff that the premises had been promised to another tenant in case the defendant sold out or quit, and therefore plaintiff would be required to vacate the premises. Plaintiff alleged that defendant knew that the owner of the building would not allow plaintiff to retain the location, and that defendant falsely and fraudulently misrepresented the facts. Plaintiff tendered return of the property purchased, and asked judgment for recession and return of the purchase price. On demurrer to the complaint, *held*, that, since no fixed time nor fixed rate is alleged, and no definite lease agreed on, plaintiff has not been ejected from the premises, and that plaintiff was negligent in not consulting the owner of the property in advance, though she had an opportunity to do so. The complaint does not state facts sufficient to constitute any cause of action against the defendant. Demurrer sustained.

Arthur Frame, of Anchorage, for plaintiff.

J. L. Waller, of Anchorage, for defendant.

RITCHIE, District Judge. In this case it appears to me that plaintiff may have a good cause of action, but she has not fully stated it, and for that reason the demurrer must be sustained.

Plaintiff alleges that she was induced to buy a certain business, known as the Empress Grocery, carried on by defendant in the Empress Building in the town of Anchorage; that, as an inducement to the sale, defendant assured plaintiff that she had arranged with the owner of the building that plaintiff might continue the business in the same place; that plaintiff thereupon bought the stock, furniture, and fixtures in the store for $1,530.-65, and also paid $300 for the location. This was on November 30, 1923.

Plaintiff further alleges that on the following day the agent of the owner of the Empress Building notified her that the prem-

⬅See same topic & KEY-NUMBER in all Key-Numbered Digests & Indexes

ises had been promised to another tenant in case the defendant sold out or quit, and therefore plaintiff would be required to vacate the premises. Plaintiff alleges that defendant knew that the owner of the building would not allow plaintiff to retain the location after the sale, and the defendant falsely and fraudulently misrepresented the facts. Plaintiff therefore tenders return of the property, and asks that the contract be rescinded and that she recover the money that she paid to defendant.

It will be observed that the complaint does not allege that defendant guaranteed that plaintiff could retain the location for any fixed time, nor for any fixed rate; nor does it allege that she had been rejected. It only alleges that on the day after taking possession she was notified by the owner's agent that she "would be required to vacate the premises."

The complaint pleads considerable evidence besides ultimate facts, which are all that a pleading should contain. From the general statement it is a fair assumption that plaintiff means to plead that she was assured by defendant that she could have the premises in question for an indefinite time at the same rental, and that, if she has not been already expelled, she faces a lawsuit to recover the premises from her; but none of these facts is clearly stated.

So far as the complaint shows, defendant never promised plaintiff that she should have a definite lease, and so far as it shows she is still in possession. For these reasons, I think the complaint fails to state a cause of action, and the demurrer must therefore be sustained.

It is unnecessary to refer to the law of caveat emptor. Plaintiff was clearly negligent in not going to see the owner of the property herself, and her failure to do this when she lived in the same town, under the old law, was such negligence as would probably have barred her recovery. However, the law of caveat emptor is falling into disfavor, and I think rightly so. The modern tendency is to follow the rule of the civil law, which holds the vendor to strict accountability for any fraud or misrepresentation in making the sale.